UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

PEACE LOVE WORLD, LLC,
a Florida Limited Liability Company,

    Plaintiff,

v.

SBH INTIMATES, INC.,
a New York corporation,

    Defendant.
_____/

**COMPLAINT**

Plaintiff PEACE LOVE WORLD, LLC, a Florida Limited Liability Company, complains against Defendant, SBH INTIMATES, INC., a New York corporation, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for trademark infringement, false designation of origin, false representations, and trademark dilution under the United States Trademark Act, Title 15 U.S.C. §§ 1051, *et seq*. ("Lanham Act"), for trademark infringement, unfair competition and trademark dilution under Florida common law and the Florida Trademark Act, Fla. Stat. § 495.161, and for violation of Florida's Deceptive and Unfair Trade Practices Act.

2. This Court has original jurisdiction over claims arising under the Lanham Act pursuant to 28 U.S.C. § 1338(a), 28 U.S.C. § 1331 and 15 U.S.C. § 1121, in that they arise under the laws of the United States. This Court has jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a),

3. This Court has jurisdiction over Defendant pursuant to § 48.193(2), Florida Statutes, because Defendant is engaged in substantial and not isolated activity within this state. Alternatively, this Court has jurisdiction over Defendant pursuant to § 48.193(1), Florida Statutes, because this cause of action arises from Defendant's acts of operating, conducting, engaging in, or carrying on its business in this state.

4. Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

5. Plaintiff PEACE LOVE WORLD, LLC is a Florida limited liability company with its principal place of business at 7780 NE 56 St., Miami, Florida 33166.

6. Upon information and belief, Defendant SBH INTIMATES, INC. is a New York Corporation with its principal place of business at 1411 Broadway, 8th Floor, New York, NY, 10018.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Trademark

7. Starting in about 2006, Plaintiff's owner, Alina Villasante, began using the Peace Love Happiness Mark in interstate commerce in association with a clothing line and a line of home goods. The Peace Love Happiness Mark consists of a peace symbol, followed by a heart symbol and further followed by a happy face symbol.

8. Starting in 2006, Alina Villasante began heavily marketing and advertising her line of clothing and home goods bearing the Peace Love Happiness Mark in the marketplace.

The clothing and home goods line quickly became popular and Mrs. Villasante's business quickly became profitable.

9.  The U.S. Patent and Trademark Office ("USPTO") recognizes the Peace Love Happiness Mark associated with clothing as being first used in commerce in February 2006.

10.  Alina Villasante duly and legally registered the Peace Love Happiness Mark for goods in the USPTO on the Principal Register on June 24, 2008, as Registration Number 3453771 and has used the Peace Love Happiness Mark continuously until its assignment to Plaintiff. A true and correct record of the registration of the Peace Love Happiness Mark is attached hereto as Exhibit A.

11.  Alina Villasante has further received the following additional trademark registrations for the Peace Love Happiness Mark: U.S. Trademark Registration No. 3615946, International Registration No. 1031866 from the World Intellectual Property Organization (WIPO), International Registration No. 1030864 from WIPO and European Office for Harmonization in the Internal Market Registration No. 007452469. A true and correct record of the aforementioned trademark registrations of the Peace Love Happiness Mark are attached hereto as Exhibit B.

12.  Alina Villasante has transferred all of her U.S. rights under the Peace Love Happiness Mark to Plaintiff PEACE LOVE WORLD, LLC. The assignment of the Peace Love Happiness Mark has been duly recorded with the U.S. Patent and Trademark Office. Plaintiff PEACE LOVE WORLD, LLC has used the Peace Love Happiness Mark continuously since its assignment

13. The Peace Love Happiness Mark is fanciful and inherently distinctive. Plaintiff has trademark rights in the Peace Love Happiness Mark in connection with clothing and home goods, among other things.

14. Since 2006, via its advertisements, commercial catalogs, in-person sales force and, more currently, its web site, Plaintiff and its predecessor have continuously been marketing and selling clothing and home goods bearing the Peace Love Happiness Mark in interstate commerce. Plaintiff and its predecessor have spent more than one million dollars ($1,000,000) on in-person sales activities, advertising in brick and mortar stores, advertising in written publications, electronic mail, and Internet advertising for Plaintiff's products, and have aggressively marketed and sold Plaintiff's products under the Peace Love Happiness Mark.

15. Plaintiff has gained national notoriety for the Peace Love Happiness Mark by having its clothing publicly worn and photographed by Hollywood celebrities such as Bob Guiney (of *The Bachelor* fame) and NFL wide receiver Terrell Owens, as well as the participants of national television shows such as *Kate Plus Eight* and *So You Think You Can Dance*.

16. Since the registration of the Peace Love Happiness Mark in the USPTO, Plaintiff and its predecessor have used the registered notice symbol ® or "Registered in the U.S. Patent and Trademark Office" in association with Plaintiff's clothing and home goods products, as prescribed in 15 U.S.C. §1111.

17. Since long prior to the acts of Defendant complained of herein, Plaintiff and its predecessor have expended much money, time, and effort in promoting Plaintiff's clothing and home goods under the Peace Love Happiness Mark. As a result of Plaintiff's efforts, the Peace Love Happiness Mark has become famous and distinctive throughout the United States and in

this District, and is identified in the minds of the consumers and others exclusively with Plaintiff's high-quality clothing and home goods products.

18. By virtue of long and continuous use, and since long prior to the acts of Defendant complained of herein, the Peace Love Happiness Mark has developed a goodwill and significance exclusively related to Plaintiff, has been readily recognizable by the public and the trade as a designation associated exclusively with Plaintiff's products.

19. Plaintiff has an intent to expand its product line bearing the Peace Love Happiness Mark and to expand its sales territories.

### Defendant's Use of Plaintiff's Peace Love Happiness Mark

20. Long subsequent to Plaintiff's adoption and use of the Peace Love Happiness Mark in commerce, Defendant commenced the use of an identical or confusingly similar mark (hereinafter the "Infringing Mark") in U.S. commerce, and within the United States, including the Southern District of Florida, in connection with clothing bearing the Infringing Mark, which clothing was advertised and promoted, among other things, to provide the identical product as that offered under Plaintiff's Peace Love Happiness Mark to the same class of consumer. By selling and marketing the same product and to many of the same class of consumers as Plaintiff's under the Infringing Mark, Defendant has further sought to unlawfully profit from use of Plaintiff's Peace Love Happiness Mark. Photographs of multiple items of clothing sold by Defendant bearing the Infringing Mark are attached hereto as Exhibit C.

21. Upon information and belief, Defendant is well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of the vast goodwill represented and symbolized by Plaintiff's Peace Love Happiness Mark. Upon information and belief,

Defendant has been well aware that Plaintiff's Peace Love Happiness Mark is widely recognized and relied upon by the public and the trade as identifying Plaintiff's clothing and home goods.

22. Notwithstanding that knowledge, Defendant has engaged in, and will continue to engage in, a deliberate and willful scheme to trade upon and to misappropriate for itself the vast goodwill represented and symbolized by Plaintiff's Peace Love Happiness Mark. The acts of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's Peace Love Happiness Mark in total disregard of Plaintiff's rights.

23. Defendant's use of the Infringing Mark is without the consent, license, or permission of Plaintiff.

24. Plaintiff has previously contacted Defendant and demanded that it cease and desist from using the Infringing Mark but Defendant has refused to cease its activities.

25. Defendant's use of the Infringing Mark is designed to, calculated to and has and/or is likely to, cause confusion and mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's products. Defendant's use of the Infringing Mark has and/or is likely to cause the same class of customers and prospective customers to believe that Defendant's clothing is Plaintiff's, or is sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

26. All conditions precedent to the maintenance of this action have occurred, been performed, or are otherwise excused.

27. Plaintiff has been required to retain the undersigned counsel to enforce its rights through this action and has agreed to pay its counsel a reasonable fee for those services.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT: 15 U.S.C. § 1114

28. Plaintiff incorporates herein each and every allegation set forth in paragraphs 1 through 27 as if fully set forth herein.

29. Defendant's unlawful use in commerce of the Infringing Mark infringes upon Plaintiff's rights in its federally registered and protected Peace Love Happiness Mark.

30. Defendant's unlawful use in commerce of the Infringing Mark in Defendant's sales and advertising is likely to cause consumers, distributors, retailers and others to mistakenly believe that Plaintiff has sponsored or approved Defendant's conduct, or that Plaintiff is affiliated with Defendant, or that Defendant has obtained permission to engage in the sales and advertising activities. By using the Infringing Mark, Defendant further create confusion as to the source of the products that Defendant sells, and/or whether Plaintiff has endorsed Defendant or the products that Defendant sells.

31. Defendant's use of the Peace Love Happiness Mark in its sales, marketing and advertising activities are dilutive of the Peace Love Happiness Mark.

32. Defendant is believed to have engaged in the above conduct negligently.

33. Plaintiff has demanded that Defendant cease and desist from its acts of trademark infringement and has given Defendant actual notice of Plaintiff's registration of the Peace Love Happiness Mark, but Defendant has refused to cease the above described conduct. By this conduct, Defendant has made substantial profits to which Defendant is not in equity or good conscience entitled.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred damages in an amount to be determined, and unless restrained by this Court, Plaintiff has no adequate remedy at law.

35. In the alternative, Defendant has willfully and deliberately violated Plaintiff's rights in the Peace Love Happiness Mark by using a spurious Infringing Mark with the purpose and intent of causing confusion such that Plaintiff is entitled to the remedies set forth in 15 U.S.C. §1117, in addition to injunctive relief. Defendant's willful and deliberate acts involve such circumstances that treble damages and reasonable attorneys' fees and costs should be assessed against Defendant pursuant to 15 U.S.C. §1117.

**COUNT II**
**FALSE ADVERTISING UNDER THE LANHAM ACT: 15 U.S.C. § 1125**

36. Plaintiff incorporates herein each and every allegation set forth in paragraphs 1 through 27 as if fully set forth herein.

38. Plaintiff's registration and use of the Peace Love Happiness Mark by Defendant in the course of selling and marketing clothing is a use in interstate commerce of words and/or symbols that give a false designation of origin, and/or a false description or representation regarding these products to the consuming public.

39. Defendant is believed to have engaged in the above conduct negligently. In the alternative, Defendant has engaged in the above activities willfully, or with reckless disregard for whether Defendant's activities would cause injury to Plaintiff.

40. Such use has misled and deceived, and will continue to mislead and deceive, the public into believing that Defendant's products originate from Plaintiff, are manufactured by Plaintiff, are licensed by Plaintiff, or are in some way sanctioned by, or otherwise affiliated with, Plaintiff.

41. Defendant's unauthorized association of its products and merchandise - through its use in interstate commerce of the Peace Love Happiness Mark in promotion, marketing,

advertising distribution and sales – has resulted in profits to Defendant and has thereby deprived Plaintiff of revenue to which it is entitled.

42. Defendant has used and continues to use the Peace Love Happiness Mark in connection with its promotion, marketing, advertising distribution and sales in commerce of its products, with actual or constructive knowledge of Plaintiff's long and extensive prior use of the Peace Love Happiness Mark.

43. Furthermore, Defendant has promoted, advertised, marketed, distributed and sold, in interstate commerce, its competing products by using the Peace Love Happiness Mark in such a manner so as to falsely designate origin or association with Plaintiff's famous name and Peace Love Happiness Mark, and so as to inevitably cause confusion or mistake among purchasers and potential purchasers as to the true origin, source, sponsorship, or affiliation of Defendant's products, all to Defendant's profit, and to Plaintiff's injury.

44. By so infringing on the Peace Love Happiness Mark in interstate commerce, Defendant violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred damages in an amount to be determined, and is entitled to the remedies provided for in 15 U.S.C. §§1116, *et seq*.

## COUNT III
## TRADEMARK DILUTION UNDER THE LANHAM ACT: 15 U.S.C. § 1125

46. Plaintiff incorporates herein each and every allegation set forth in paragraphs 1 through 27 as if fully set forth herein.

47. The Peace Love Happiness Mark is famous and distinctive.

48. Long after the Peace Love Happiness Mark became famous, Defendant commenced use of the Peace Love Happiness Mark in interstate commerce for its own commercial gain.

49. Defendant's use of the Peace Love Happiness Mark in connection with the promotion, marketing, advertising, distribution and sale of its competing products and merchandise has diluted and will continue to dilute the distinctive quality of, and tarnish the public image of, the Peace Love Happiness Mark, and harm the reputation of Plaintiff and its products.

50. Defendant's actions described above were negligent. In the alternative, Defendant willfully and intentionally used the Peace Love Happiness Mark in the promotion, marketing, advertising, distribution and sales activities, and is thereby trading upon, diluting, and tarnishing the Peace Love Happiness Mark, and the reputation of Plaintiff and its products such that Plaintiff is entitled to injunctive relief, treble damages and reasonable attorneys' fees and costs provided in 15 U.S.C. § 1117.

51. By so diluting and tarnishing the Peace Love Happiness Mark, Defendant has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52. As a direct, proximate and consequential result of Defendant's conduct, Plaintiff has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in Title 15, U.S.C. §§ 1117(a), 1118, and 1125(c).

## COUNT IV
### TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

53. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 27, as if fully set forth herein.

54. Long before Defendant's activities complained of herein, the Plaintiff or its predecessor acquired trademark rights in the inherently distinctive Peace Love Happiness Mark under Florida common law.

55. Defendant has unlawfully and without Plaintiff's consent used the Peace Love Happiness Mark in commerce in the State of Florida in connection with clothing, to the benefit of Defendant and to the detriment of Plaintiff.

56. Defendant's aforesaid acts constitute infringement, misappropriation, and misuse of Plaintiff's Peace Love Happiness Mark in violation of Plaintiff's rights under the common law of the State of Florida.

57. Defendant's unlawful use in commerce of the Infringing Mark in Defendant's sales and advertising is likely to cause consumers, distributors, retailers and others to mistakenly believe that Plaintiff has sponsored or approved Defendant's conduct, or that Plaintiff is affiliated with Defendant, or that Defendant has obtained permission to engage in the sales and advertising activities. By using the Infringing Mark, Defendant further creates confusion as to the source of the products that Defendant sells, and/or whether Plaintiff has endorsed Defendant or the products that Defendant sells.

58. Defendant's aforesaid acts have caused and/or will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will continue to harm Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT V
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

59. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 27 as if fully set forth herein.

60. Defendant has incorporated and utilized the Infringing Mark to conduct trade and commerce, which Infringing Mark is confusingly similar to Plaintiff's Peace Love Happiness Mark, which was adopted and utilized prior in time by Plaintiff.

61. Through the use of the Infringing Mark, Defendant has, upon information and belief, effectively palmed off or passed off the products it sells as Plaintiff's products to the same class of consumers.

62. Upon information and belief, Defendant's conduct in doing so was negligent. In the alternative, Defendant intentionally adopted such confusingly similar marks in order to capitalize on the reputation and goodwill Plaintiff has established over time throughout the United States and within the State of Florida.

63. Defendant's use of the Infringing Mark to sell, market and advertise, has in the past, and will in the future, confuse the same class of consumers as to the true source of Defendant's products, and create a false impression of a relationship between Defendant and Plaintiff.

64. Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

65. Defendant's actions are in violation of §501.204 Florida Statute, i.e., the Florida Deceptive and Unfair Trade Practices Act.

66. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will continue to harm Plaintiff. Plaintiff has no adequate remedy at law.

67. Plaintiff is entitled to recover its reasonable attorneys' fees from Defendant pursuant to §501.2105 Florida Statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for:

A.     Judgment that Defendant has competed unfairly with Plaintiff in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1125, Florida common law, and Florida Statute § 495.161;

B.     An injunction, pursuant to 15 U.S.C. §1116, prohibiting Defendant and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, from:

1)  using Plaintiff's Peace Love Happiness Mark, the Infringing Mark and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

2)  using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendant, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff;

3)  infringing Plaintiff's Peace Love Happiness Mark;

4)  falsely representing themselves as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendant is associated with Plaintiff; and

      5)     affixing, applying, annexing, or using in connection with the sale of any goods or services sold by Defendant including, without limitation, clothing and home goods, a false description or representation including words tending to falsely describe or represent such goods as being those of Plaintiff and from offering such goods in commerce.

  C.     An injunction requiring Defendant and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, Judgment to:

      1)     recall all clothing and home goods, packaging, online ads, printed advertisements, and other written or printed material in the possession or control of Defendant which bear the Infringing Mark or any variation thereof, including but not limited to the Peace Love Happiness Mark and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, alone or in combination with any other word or element, and all plates, molds, matrices, and other means from making the aforesaid items; and

      2)     file a written report with this Court that details, under oath, the manner of compliance with paragraph C(1) and to serve the same upon Plaintiff within thirty (30) days after service of the injunction issued in this action.

  D.     An award of damages of Plaintiff arising from Defendant's acts of trademark infringement and unfair competition, as well as Defendant's profits, pursuant to 15 U.S.C. §1117;

E.	An award of actual damages for Plaintiff, to be determined at trial, pursuant to 15 U.S.C. §1117 and §501.211, Florida Statutes, and trebled upon a determination that Defendant's infringement has been and is willful, pursuant to 15 U.S.C. §1117, together with prejudgment interest and costs;

F.	An award of attorney fees for Plaintiff pursuant to 15 U.S.C. §1117 and §501.2105, Florida Statutes.

G.	An award of Plaintiff's taxable costs, post-judgment interest, and such other and further relief as the Court may deem just and proper.

June 16, 2010

_____
Mark Terry, Esq.
Florida Bar No. 506151
801 Brickell Avenue, Suite 900
Miami, FL 33131
786-443-7720 voice
786-513-0381 fax
mark@terryfirm.com

*Attorney for Plaintiff*